# IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION, AT KNOXVILLE

| | |
|---|---|
| JENN S. PEDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Docket No._____ |
| ) | |
| AMERICAN CLASSIFIEDS, LLC, ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |
| ) | |

## COMPLAINT

Comes now Plaintiff Jenn S. Peden and brings this action against Defendant American Classifieds, LLC.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jenn S. Peden is a citizen and resident of Knoxville, Knox County, Tennessee.

2. Upon information and belief, Defendant American Classifieds, LLC, is a Florida limited liability company but is authorized to conduct business in Tennessee. It maintains an office at 10420-A Kingston Pike, Knoxville, Knox County, Tennessee.

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1367. Venue is proper in this District because the unlawful employment actions giving rise to the suit occurred in this District.

4. Ms. Peden exhausted her administrative remedies by first filing a charge with Equal Employment Opportunity Commission and receiving a Notice of Suit Rights.

## CAUSES OF ACTION

5. Ms. Peden worked for American Classifieds at its Knoxville, Tennessee, facility until approximately April 2010, and she was an "employee" as defined under Title VII of the Civil Rights Act of 1964 ("Title VII").

6. American Classifieds employed fifteen or more employees and was an "employer" as defined by 42 U.S.C. § 2000e.

7. During the period of her employment, Ms. Peden was supervised by the Sales Manager, Ben Patterson, and the Publisher, Patti Baker.

8. Defendant is vicariously liable for the actions and inactions of its supervisors, Mr. Patterson and Ms. Baker.

9. Beginning almost immediately, Mr. Patterson made severe, pervasive, and wholly vulgar comments to and about Ms. Peden.

10. These comments included statements such as: "You have rocking tits and ass;" "I bet no one could get you laid;" and "You probably would get drunk and sleep with everybody." Mr. Patterson also repeatedly referred to Ms. Peden as "anti-dick." He also suggested on multiple occasions that she "use her assets"—referring to her body—to make a sale to male clients, or that she tell female clients that he (Mr. Patterson) would like to have sex with them.

11. On one occasion Mr. Patterson asked his subordinate, Ms. Peden, to stand up and spin around so that he could look at her body.

12. In January 2010 Ms. Peden notified her employer that she had been the victim of an attempted date rape, had been physically assaulted, and had reported the incident to the local police department. Despite this knowledge, Mr. Patterson almost

immediately resumed his sexually-explicit comments about Ms. Peden's body and his assumption of her sexual activity.

13. Multiple employees, including the most senior manager at the office, Patti Baker, witnessed Mr. Patterson's actions and statements.

14. Ms. Peden communicated to Patti Davis her belief that Mr. Patterson's comments were highly offensive, unwelcome, and insulting, yet Ms. Davis took no action to put a stop to Mr. Patterson's vulgar and pervasive behavior.

15. As a result Ms. Peden, to the extent possible, tried to alter the hours that she would be in the office in an effort to avoid Mr. Patterson.

16. When she was forced to be in the office with him, Ms. Peden would wear earphones or pretend to be on the phone when Mr. Patterson was around so that she could either (1) keep from being the target of his sexually explicit comments, or (2) at least not hear them.

17. Mr. Patterson's near-constant behavior was so severe and offensive as to alter the terms and conditions of Ms. Peden's employment by American Classifieds.

18. Then on March 31, 2010, Ms. Peden was given written notice by Mr. Patterson and Ms. Baker that she would be expected to maintain $2000.00 per week in sales or else she would forfeit her compensation for any week that she did not reach $2000.00 in sales.

19. Historically no person—including Mr. Patterson previously—had ever achieved $2000 in weekly sales in the territory to which Ms. Peden was assigned.

20. In retaliation for her complaints involving Mr. Patterson's behavior and her refusal to participate in his vulgar dialogues, Mr. Patterson and Mr. Baker intentionally set her sales goal so high as to make it impossible for Ms. Peden to meet.

21. So after nearly six months of employment, Mr. Patterson and Ms. Baker changed Ms. Peden's compensation package such that if she continued her employment, she would be working for free.

22. Ms. Peden was subjected to discriminatory harassment based on her gender, female, in violation of Title VII, and such harassment unreasonably interfered with her job performance and created an intimidating, offensive, and hostile work environment.

23. Because of her complaints to Ms. Baker and her challenges to Mr. Patterson's offensive behavior, Defendant retaliated against Ms. Peden in violation of Title VII by setting her sales goal so extremely high that she could rarely, if ever, meet it, and which would result in her receiving absolutely no income.

24. Mr. Patterson's intentional, extreme, pervasive, and sexually explicit behavior directed to Ms. Peden—even with the knowledge of Ms. Peden's recent attempted rape and physical assault—directly and proximately caused deep and severe emotional harm to Ms. Peden and constituted outrageous conduct.

25. As a direct and proximate result of Defendant's actions, Ms. Peden has sustained monetary losses, such as lost wages and loss of benefits, as well as non-monetary damages, such as humiliation, loss of enjoyment of life, and emotional pain and suffering.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff Jenn S. Peden seeks a Judgment of this Court to include:

26. A declaration that Defendant's behavior denied Plaintiff equal employment opportunities based on her gender in violation of Title VII;

27. A permanent injunction enjoining Defendant from engaging in harassing and discriminating behavior in the future based on employees' gender in violation of Title VII;

28. All monetary damages to be proved at trial, including but not limited to, back pay, front pay, job search expenses, and pre-judgment interest.

29. All non-monetary damages, including punitive damages, resulting from Plaintiff's emotional pain and suffering, loss of enjoyment of life, and humiliation in an amount to be determined at trial;

30. That a jury be empaneled to determine all issues of fact;

31. All costs of this action; and

32. Such other relief as the Court deems necessary and proper to protect the public interest.

RESPECTFULLY SUBMITTED,

 s/Jesse D. Nelson
JESSE D. NELSON (BPR # 025602)
LAW OFFICE OF JESSE D. NELSON, PLLC
*Attorney for Plaintiff Jenn S. Peden*
P.O. Box 22685
Knoxville, TN 37933
(865) 383-1053 – phone
(865) 383-1054 – fax
*jesse@jessenelsonlaw.com*